UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LYNNETTE RESHA ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV1167SNLJ |
| ) | |
| VERIZON COMMUNICATIONS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

*Pro se* plaintiff originally filed this employment discrimination case in the Circuit Court of St. Charles County, Missouri. On or about July 23, 2009 defendant removed it to federal court on subject matter jurisdiction grounds wherein it was assigned to this Court. This matter is before the Court on the defendant's motion to dismiss or, in the alternative, for more definite statement (#5), filed July 30, 2009. As of today's date, plaintiff has failed to file a responsive pleading.

Plaintiff's employment discrimination complaint consists of a state court-designed form which plaintiff simply filled out, providing minimal information. Plaintiff's Complaint (#3). The form requires the complainant to state his/her "essential facts of your claim"; however, it also states that "[I]t is not necessary to make legal argument, or to cite cases or statutes." Plaintiff's Complaint (#3). Plaintiff provides a single paragraph in which she alleges sexual harassment by a co-worker and retaliation; as well as discrimination on the basis of race, color, gender and disability. Other than stating that the "sexual harassment" by a former co-worker began in November 2004 and that another co-worker "stole security number and banking was able to access cell phone calls and text messages of mine", plaintiff provides little factual support for her claims. She states she suffered "a mental breakdown", was hospitalized, is "afraid for my safety

upon returning back to work, in fear that the harassment will only continue." Plaintiff's Complaint (#3). There is no mention of any discriminatory act based upon race, color, gender or disability. There is no Equal Employment Opportunity Commission (EEOC) or Missouri Commission on Human Rights (MCHR) "right-to-sue" letter attached to the plaintiff's complaint.

Defendant seeks to dismiss this complaint for failure to state a claim under Rule 12(6)(b) Fed.R.Civ.P., or in the alternative, move for a more definite statement. Since the plaintiff is litigating *pro se*, and her complaint was originally filed in state court using a form provided by the state court, this Court believes that plaintiff is entitled to one opportunity to restate her claim(s) properly under Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff shall file an amended complaint which sets forth her claim(s) in a "simple, concise, and direct" manner. Rule 8 Fed.R.Civ.P. She must set forth a "short and plain statement" of the grounds for this Court's jurisdiction; i.e. what statutes or laws she believes that the defendant's conduct has violated. She should also set forth a "short and plain statement" of each claim and why she believes she is entitled to the relief she seeks. Rule 8 Fed.R.Civ.P. Furthermore, plaintiff "must state [her] claims . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Rule 10(b) Fed.R.Civ.P. Finally, "[I]f doing so would promote clarity, each claim founded on a separate transaction or occurrence - - - must be stated in a separate count . . ." Rule 10(b) Fed.R.Civ.P.

The Court will accord the plaintiff some flexibility in the filing of her amended complaint; however, she still will be expected to adhere to the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Missouri. Plaintiff need not provide detailed factual support for her claim(s) but should provide sufficient facts to enable the defendant to understand plaintiff's

claims and be able to fashion a reasonable defense to said claim(s).  She also should attach to her complaint any administrative agency "right-to-sue" letters that she has in her possession.

As a final note, the Court encourages plaintiff to retain the services of counsel familiar with litigating claims similar to the plaintiff's, especially in a federal court forum, so as to protect her interests.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss (#5) be and is **DENIED.**

**IT IS FINALLY ORDERED** that defendant's motion for more definite statement (#5) be and is **GRANTED.**  Plaintiff shall file an amended complaint, as set forth above, on or before August 28, 2009.  No extensions of time shall be granted except for good cause shown. Failure to comply with this Court's order risks the imposition of sanctions, including but not limited to, dismissal without prejudice of this cause of action.

Dated this ___14th___ day of August, 2009.

_____
UNITED STATES DISTRICT JUDGE